UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| NATHAN D. CLARK,<br><br>          Petitioner,<br>     v.<br><br>TOM ROY, Commissioner of Corrections,<br><br>          Respondent. | Civil No. 12-421 (JNE/LIB)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254.  (Docket No. 1.)  The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In 1999, Petitioner was charged with first degree murder for killing his girlfriend.  In early 2000, he pled guilty to second degree murder and was sentenced to 378 months in state prison.  Petitioner is currently serving his sentence at the Minnesota Correctional Facility at Rush City, Minnesota.

Petitioner did not file a direct appeal following his conviction and sentencing.  However, in 2002, Petitioner filed a pro se post-conviction motion in the trial court, seeking

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

a modification of his sentence. That motion was denied, and Petitioner did not appeal.

In May 2004, Petitioner filed a second post-conviction motion that raised new challenges to his sentence. That motion also was denied, and Petitioner then filed his first state court appeal. The Minnesota Court of Appeals affirmed the trial court's ruling on Petitioner's second post-conviction motion, and the Minnesota Supreme Court denied his application for further review. Clark v. State, No. A05-292 (Minn.App. 2005), 2005 WL 3291088 (unpublished opinion), rev. denied, Feb. 22, 2006. The United States Supreme Court later denied Petitioner's application for a writ of certiorari. 549 U.S. 846 (2006).

In October 2006, Petitioner challenged his state court murder conviction and sentence by filing a federal habeas corpus petition in this District. Clark v. State of Minnesota, Civil No. 06-4050 (JNE/SRN), [hereafter "Clark I"]. The petition was reviewed by then Magistrate Judge (now District Court Judge) Susan Richard Nelson, and it was found to be barred by the one-year statute of limitations that applies to federal habeas corpus petitions. See 28 U.S.C. § 2244(d). Judge Nelson therefore recommended that Petitioner's § 2254 habeas corpus petition should be "dismissed with prejudice." (Clark I, Report and Recommendation dated October 16, 2012, [Docket No. 5], p. 10.) That recommendation was adopted by the District Court Judge (over Petitioner's objections), and the case was dismissed with prejudice on November 22, 2006. (Clark I, [Docket No. 10].)

Petitioner sought appellate review in Clark I, but both the District Court and the Eighth Circuit Court of Appeals denied him a Certificate of Appealability, which is required by 28 U.S.C. § 2253. (Clark I, [Docket Nos. 14 and 20].) The United States Supreme Court denied Petitioner's subsequent application for a writ of certiorari. (Clark I, [Docket

2

No. 24]; 551 U.S. 1153 (2007).)

In 2007, Petitioner filed a third state post-conviction challenging his sentence. That motion was denied by the trial court, and Petitioner then filed another appeal. The Minnesota Court of Appeals upheld the trial court's denial of Petitioner's third post-conviction motion, and the Minnesota Supreme Court denied his request for further review. Clark v. State, No. A08-115 (Minn.App. 2008), 2008 WL 5335513, rev. denied, Mar. 17, 2009.

Petitioner filed his current (second) federal habeas corpus petition on February 16, 2012. This petition lists two grounds for relief, which Petitioner has identified as (1) "Lack of Jurisdiction/Double Jeopardy," and (2) "Violation of U.S. Constitutions [sic], Sixth Amendment." (Petition, [Docket No. 1], p. 4, § 12.)

Petitioner's current habeas corpus claims cannot be addressed on the merits, however, because his present petition challenges the same judgment that was before the Court in Clark I. As discussed more fully below, the Court finds that Petitioner has filed a "successive petition," which cannot be entertained at this time.[2]

## II. DISCUSSION

The federal rule restricting second or successive habeas corpus petitions is set forth

---

[2] The Court notes that Petitioner did not pay the $5.00 filing fee for this action. Ordinarily, that omission would have prompted the Court to hold Petitioner's submissions in abeyance until he paid the proper filing fee, (or applied for leave to proceed in forma pauperis). However, it is readily apparent that this action will have to be summarily dismissed for the reasons discussed below, and addressing the fee issue would only delay the inevitable dismissal of this action.

at 28 U.S.C. § 2244(b).[3]  Under that rule, a district court cannot entertain a second or

---

[3] 28 U.S.C. § 2244(b) provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

**(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
  **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
  **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
  **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

**(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained authorization from the appropriate court of appeals allowing him to file another petition. 28 U.S.C. § 2244(b)(3)(A). See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive pre-authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief).

It plainly appears that the petition now before this Court is Petitioner's second application for federal habeas corpus review of his 2000 state court murder conviction and sentence. Because Petitioner's prior federal habeas case, Clark I, was dismissed with prejudice, the Court finds that the present action must be viewed as a "second or successive petition" for purposes of § 2244(b). This means that the present petition cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 153, (2007) (where habeas petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court... he was required to receive authorization from the Court of Appeals before filing his second challenge" in a second habeas petition). Because Petitioner has not secured a pre-authorization order from the Eighth Circuit, his current petition must be summarily dismissed for lack of jurisdiction. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996). See also Tompkins v. Secretary, Dept. of Corrections, 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), cert. denied, 129 S.Ct. 1305 (2009).

Petitioner might believe that he should be allowed to file a new federal habeas petition, because he is bringing new claims that were not raised in Clark I. Such a belief would be misplaced. The statutory restrictions on second or successive petitions preclude the United States District Court for the District of Minnesota from entertaining any habeas claims challenging the conviction and sentence that were before the Court in Clark I, unless the Eighth Circuit Court of Appeals first grants Petitioner permission to file a successive habeas petition.[4]

To obtain a pre-authorization order for his current claims for relief, Petitioner will have to persuade the Court of Appeals that his claims satisfy the standard prescribed by 28 U.S.C. § 2244(b)(2). (See n. 2, supra.) If Petitioner can meet that requirement, and the Court of Appeals therefore grants him a pre-authorization order, he can then file a new habeas corpus petition in the District Court.

The Court will recommend that this action be dismissed without prejudice, so that Petitioner can resubmit his habeas claims in a new action, if he is able to secure a pre-authorization order from the Court of Appeals as required by § 2244(b)(3)(A).[5] Petitioner

---

[4] Petitioner has indicated that he intends to submit some additional documents in support of his current habeas claims. However, no additional documents could change the fact that Petitioner has filed a second or successive petition that must be summarily dismissed for lack of jurisdiction.

[5] There is some case law suggesting that an action barred by § 2244(b)(3)(A) should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed. See e.g., Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). However, it would not be advisable to follow that approach here. The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2). Because Petitioner has made no attempt to meet that standard in his present submissions, the Court of Appeals could not -- on the basis of the existing record -- grant the pre-authorization that

should carefully note, however, that the District Court would have to apply at the outset the same jurisdictional analysis to any future habeas corpus petition which again pertains to his 2000 state court murder conviction and sentence, which were the subject of Clark I, unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals, as required by § 2244(b).[6]

## III.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

1.  Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, (Docket No. 1), be **DENIED**; and

2.  This action be summarily **DISMISSED** without prejudice for lack of jurisdiction.

Dated: February 23. 2012

s/Leo I. Brisbois<br>
LEO I. BRISBOIS<br>
United States Magistrate Judge

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and

---

Petitioner needs.  28 U.S.C. § 2244(b)(3)(C).  It therefore makes more sense to dismiss the present action, and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3).  That will allow Petitioner to fully explain to the Court of Appeals why he believes he meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file another habeas corpus petition in this District.

[6]  Because the Court presently lacks jurisdiction in this matter, based on the rules governing successive petitions, the timeliness of the present petition will not be addressed here.  It should be noted, however, that even if Petitioner were to obtain Circuit Court permission to file another habeas petition, he would still have to overcome the one-year statute of limitations, (see 28 U.S.C. § 2244(d)), before that new petition could be reviewed on the merits in the District Court.

Recommendation by filing with the Clerk of Court, and serving all parties **by March 8, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.